## WILSON VS. BRANDENBURG.

It is error to render judgment against the defendant, by default, where the original writ has been quashed, and he has not been served with other process, nor has voluntarily appeared—the prosecution of a writ of error, to such judgment, is an appearance.

*Error to Monroe Circuit Court.*

The Hon. CHARLES W. ADAMS, Circuit Judge.

WATKINS & GALLAGHER, for plaintiff, referred to *Borden et al. vs. Trustee R. E. Bank*, 6 *Eng.*

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Brandenburg brought an action of trover against Wilson, to the April term, 1854, of the Monroe Circuit Court. At the return term, upon motion, the writ was quashed, the cause continued, and an alias writ ordered. It does not appear, from the record before us, that any writ was afterwards issued. At the next term, a default was taken against defendant, on his failure to appear, a writ of inquiry executed, and final judgment rendered for the damages assessed by the jury. The defendant brought error.

When the original writ was quashed, the defendant went out of court, and no judgment could regularly be rendered against him, until he was again served with process, or voluntarily entered his appearance. The judgment, by default in this case, was therefore erroneous, and must be reversed. According to the well established rule, however, the defendant has made himself a party by prosecuting the writ of error, and will be regarded as in court, on the case being remanded.